## THE WESTERN TRANSPORTATION CO., Appellant, *v.* CHARLES H. MARSHALL and Others.

*Bill of Lading—Advances made in Good Faith to Intended Purchaser.*

Where the master of a vessel, laden with wheat for transportation, according to the custom, gives a bill of lading of the wheat to the parties producing the measure return intended for the purchaser, and the parties so receiving the bill of lading obtain an advance thereon, made in good faith, the parties making such advance acquire an interest in such cargo to the amount of such advance.

This is upon the principle that one purchasing in good faith from a fraudulent vendor acquires a good title.

This action was brought to recover the possession of a quantity of wheat. The wheat was shipped by Plaintiff from Buffalo to New York upon a canal-boat. The agents of the Plaintiff in the latter city agreed to sell the wheat, for cash on delivery, to Meyer & Ree, who were engaged in purchasing wheat, and shipping it to England. The latter agreed with the owners of the Great Western to ship the wheat to England on that vessel. At the request of Meyer & Ree, the wheat was measured in the usual way, and placed on board the vessel in the name of the agents of the Plaintiff. It was proved that the measurer was selected, and made the measurement according to the usual course of business between vendor and purchaser, made duplicate bills of the measurement, and delivered them to the agents, agreeably to the usual custom in that business; that the agents made out a bill of the amount of the price of the wheat, including the purchaser's proportion of the expense of measurement, &c., and delivered the same attached to the return of the measurer, intended for the purchaser, to Meyer & Ree; that the latter, upon this return of the measurer, procured from the captain of the vessel a bill of lading of the wheat in the usual form, and upon this bill procured an advance from some of the other Defendants, without having paid anything on account of the purchase of the wheat. Shortly after, the Plaintiff's agent sent to Meyer & Ree for the money for the wheat. The latter, after a day or two, gave the agent their check for the price of the wheat, which the agent de-

posited in a bank, and the next day the check was refused payment and returned to Meyer & Ree. It was proved that Meyer & Ree were in good credit at the time of the agreement to purchase the wheat, but suspended payment shortly after, in consequence of advice of non-payment of their drafts in England. It was proved that none of the Respondents had any knowledge that the wheat was not paid for, or that the Plaintiff claimed any interest therein. It was proved that the universal custom of masters was to give bills of lading for grain delivered on board to a person producing the measurer's return intended for the purchaser; that this return was an exact duplicate of the one retained by the vendor, except that it called for payment of one-half of the charges only, and that the custom was known to all engaged in the grain trade. It was proved that Plaintiff's agents had been for some time engaged in this trade. Upon the return of the check of Meyer & Ree unpaid, the Plaintiff demanded the wheat of the master, and upon his refusal to deliver the same, commenced the action. At the close of the proof the Respondents, who are the master and owner of the vessel, and the parties who made the advances to Meyer & Ree upon the bill of lading, moved for a dismissal of the complaint as to them, which was granted, and Plaintiff excepted. After affirmance of the judgment by the General Term, the Plaintiff appealed to this Court.

*John Hubbell* for Appellant.

*Wm. Allen Butler* for Respondent.

GROVER, J.—There was no conflict in the evidence so far as these Respondents are concerned. The Plaintiff's agents agreed to sell the wheat to Meyer & Ree for cash on delivery, and had the same, at the request of the latter, measured and placed on board of the vessel in their names, receiving from the measurer two bills of the measurement, one designed to be retained by the vendor, and the other for delivery to the purchaser. They delivered the latter, together with a bill of the price of the wheat, to Meyer & Ree. The proof showed that the universal custom in the trade was for masters of vessels to deliver bills of lading of

grain on board, to the one producing this measurement prepared for the purchaser. This custom the agents are presumed to have known. By its delivery to Meyer & Ree the agents authorized the master to deliver to them a bill of lading of the wheat just so effectually as though such authority had been expressly given by them. When the master had, by the authority of the agents, delivered a bill of lading to Meyer & Ree, he was not bound to deliver the wheat to the Plaintiff, without being discharged from the liability created by the bill. This was not done, nor was any indemnity offered by the Plaintiff against such liability. The complaint was therefore properly dismissed, as against the master and owners of the vessel. It is equally clear that, the bill of lading having been delivered to Meyer & Ree by authority from the Plaintiff, those who dealt in good faith with them, as owners of the wheat, will be protected in such dealings. Consequently, the complaint was rightly dismissed as to Morgan and others, who made advances to Meyer & Ree on the credit of the bill of lading, and to whom the bill was transferred as security for such advances.

It was not material to the rights of the Respondents whether Meyer & Ree acted in the premises with a fraudulent intent or not. One purchasing in good faith from a fraudulent vendor acquires a good title (Mowrey *v.* Walsh, 8th Cowen, 238; Root *v.* French, 13th Wend., 570). The principle of these cases is applicable to the present case. Hence, the admission of the evidence that it was customary for purchasers of grain in the city of New York to raise money upon bills of lading thereof, to pay for the same, was wholly immaterial, and worked no prejudice to the Plaintiff in respect to these Respondents.

The exception thereto is, therefore, not available upon this appeal.

The Judgment appealed from should be affirmed.

All concur.

Affirmed.

JOEL TIFFANY,<br>
State Reporter.
